

**MATTHEW G. BEVIN**
**GOVERNOR**

## JUSTICE AND PUBLIC SAFETY CABINET

**JOHN TILLEY**
**SECRETARY**

125 Holmes Street
Frankfort, Kentucky 40601
(502) 564-7554
(502) 564-4840 (fax)

May 25, 2017

Maureen Sullivan
Attorney at Law
Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, KY 40202

Re:   Request for Modification or Removal of a condition of parole
On behalf of Roy C. Neal DOC#163111

Ms. Sullivan,

The Parole Board is in receipt of your correspondence/document asking the Parole Board to enter an Order removing Roy C. Neal's obligation to pay restitution as a condition of parole. Since the time period for seeking some form of parole reconsideration has passed, your correspondence was forwarded to me for review and response.

As you note in your correspondence/document, the sentencing court ordered restitution and under such circumstances where the court ordered restitution has not been paid in full, KRS 439.563 requires the Parole Board to include the obligation to pay restitution as a condition of parole. KRS 439.563 further requires the Department of Probation and Parole to maintain supervision until restitution has been paid in full and mandates that parolees in these circumstances remain on parole until restitution is paid in full. This mandate applies even if it lengthens the period of supervision beyond the statutory limit of parole supervision or the statutory limit for serving out the sentence imposed.

Since restitution was ordered by the Court, the Parole Board has no authority to change that. Further, since including restitution as a condition of parole is mandated by KRS 439.563, the Parole Board does not have the discretion to remove the obligation to pay restitution from Mr. Neal's conditions of parole.

Ultimately, it appears that your issue is with KRS 439.563. You raise several arguments challenging the statutory mandate that a parolee remain on parole beyond the time limit for serving out the sentence imposed because he/she has failed to pay his/her restitution in full.



KentuckyUnbridledSpirit.com
**AN EQUAL OPPORTUNITY EMPLOYER M/F/D**

May 25, 2017
Neal Correspondence
Page 2

However, that is not an issue that the Parole Board can address as the Board does not have the authority to ignore the law, nor does the Board have the authority to unilaterally alter/amend the law.

Thank You,

Angela T. Dunham
Office of Legal Services