UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-125-RGJ-CHL

**ROY C. NEAL,**                                                                                               **Petitioner,**

**v.**

**LELIA A. VANHOOSE, et al.,**                                                        **Respondents.**

**REPORT AND RECOMMEDNATION**

Before the Court are two Motions by the Respondents: (1) the Motion to Dismiss Andrew Beshear as a Party (DN 10) of Andrew Beshear ("Beshear") and (2) the Motion to Dismiss (DN 11) of Beshear and the remaining Respondents Michael A. Bolcas, Larry R. Brock, George Carson, Melissa Chandler, Caroline Mudd, Neeka Parks, Robert Powers, Amanda Spears, and Lelia A. Vanhoose (collectively the "Kentucky Parole Board") (together with Beshear, the "Respondents"). Petitioner, Roy C. Neal ("Neal"), did not file a response to the Motions (DNs 10, 11). This matter was referred to the undersigned for "findings of fact, conclusions of law, and recommendations on any dispositive matter" by District Judge Rebecca Grady Jennings. (DN 5.) Accordingly, the Motions (DNs 10, 11) are ripe for review.

For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion to Dismiss Andrew Beshear as a Party (DN 10) be **GRANTED**, and the Motion to Dismiss as to all Respondents (DN 11) be **DENIED**.

**I.  FINDINGS OF FACT**

Neal filed this matter on February 28, 2018 seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (DN 1.) Neal entered a plea of guilty to several counts of theft by deception and one count of theft by failure to make required disposition of property. (*Id.* at PageID # 2.)

Neal was sentenced to ten years imprisonment. (*Id.* at 3; DN 11, at PageID # 34.) Neal was also ordered to pay $91,882.00, plus interest, in restitution. (DN 1, at PageID # 3; DN 11, at PageID # 34.)

Neal was paroled on July 21, 2005 and moved to Georgia after obtaining permission from the Kentucky Parole Board to be supervised there pursuant to the Interstate Compact for Adult Offender Supervision ("Interstate Compact"). (DN 1, at PageID # 3-4; DN 11, at PageID # 34.) Neal alleged in his Petition that while restitution was not originally included as a condition of his parole, the Kentucky Parole Board sent him a letter on June 4, 2008 notifying him that it was adding restitution as a condition of his parole, which was to be paid at a rate of $200.00 per month. (DN 1, at PageID # 4.) Neal alleged that he did not receive the letter because it was sent to an old address and indicated he had no knowledge of the addition until he was arrested for violating his parole by failing to make restitution as directed. (*Id.*; DN 11, at PageID # 34.) Neal's parole was ultimately revoked, but he was paroled again on April 1, 2014. (DN 1, at PageID # 5-6; DN 11, at PageID # 3.) Neal remains on parole in Georgia, pursuant to the Interstate Compact, and alleged that he has paid restitution since his release. (DN 1, at PageID # 6.)

In the instant habeas petition, Neal alleged that under Kentucky law, he will be on parole until he pays his restitution in full "even if this would lengthen the period of supervision beyond the statutory limit of parole supervision or the statutory limit for serving out the sentence imposed." KRS 439.563(5); DN 1 at PageID # 7-8. Neal alleged that this practice denies him equal protection and violates his Fifth, Eighth, and Fourteenth Amendment rights. (DN 1, at Page ID # 10-11.) Neal also claimed the addition of restitution as a condition of his parole without providing proper notice and a hearing violated his due process rights. (*Id.* at 11.)

2

Neal named Kentucky Attorney General Beshear and all members of the Kentucky Parole Board as Respondents. (DN 1.) Beshear then filed a Motion to Dismiss him as a party, arguing that he should be dismissed because Neal did not allege that he was in Beshear's custody. (DN 10, at PageID # 27.) Beshear also argued that he should be dismissed because he is not a member of the Kentucky Parole Board, and the "Attorney General's Office is constitutionally independent from the Governor or any other executive branch agency." (*Id.* at 29.) Beshear and the Kentucky Parole Board also filed a Motion to Dismiss Neal's Petition arguing that the Kentucky Parole Board had the right to impose restitution as a condition of Neal's release. (DN 11, at PageID # 35.) Respondents argued that "prisoners do not have a right to challenge their sentences when the Parole Board was acting within the authority granted to them by the legislature." (*Id.* at 39.)

## II. CONCLUSIONS OF LAW

The undersigned will separately address each pending Motion below.

### A. Beshear's Motion to Dismiss Him as a Party (DN 10)

Beshear has moved to dismiss him as a Party to the action because he does not have custody of Neal. (DN 10.) It is well-established that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). A habeas petitioner is required to include "the name of the person who has custody over him and by virtue of what claim or authority, if known," in his petition. 28 U.S.C. § 2242 (2017). Generally, this means the petitioner's immediate physical custodian—the warden of the facility where a prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). However, where a petitioner "challenges a form of 'custody' other than present physical confinement," the

3

petitioner should "name as a respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* at 438.

Here, Neal is not in prison or in physical confinement; he is on parole. (DN 1, at PageID # 6.) Accordingly, the undersigned must determine what person or entity "exercises legal control with respect to" Neal's parole. *See Padilla*, 542 U.S. at 438. A review of the applicable Kentucky statutes regarding parole demonstrates that the Kentucky Parole Board is Neal's custodian. Pursuant to KRS § 439.346, "[d]uring the period of his or her parole . . . , the prisoner shall be amenable to the orders of *the board* and *the department*." KRS § 439.346 (emphasis added). "The board" is defined elsewhere as the Kentucky Parole Board, created by KRS § 439.320 and the "department" as the Kentucky Department of Corrections. KRS § 439.250(3), (5); KRS § 439.320. Further, pursuant to KRS § 439.348, "paroled prisoners shall be under the supervision of the *department* and subject to its direction for the duration of parole." KRS § 439.348 (emphasis added). This supervision only ends "at the time of recommitment of the prisoner to prison as a parole violator, or at the time a final discharge from parole is granted to the parolee by *the board*." *Id.* (emphasis added). While these statutes suggest that the Kentucky Department of Corrections might also be Neal's custodian, here, Neal's claims are related to the conditions of his parole that were placed on him by the Kentucky Parole Board and by operation of KRS § 439.563. (DN 1, at PageID # 7-8.) Accordingly, the undersigned finds that the Kentucky Parole Board is Neal's custodian.[1]

While the Sixth Circuit does not appear to have confronted this exact issue, this conclusion is in accord with the Supreme Court's decision in *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Regarding parole, the Supreme Court held in *Jones* that it was error for the district court to dismiss

---

[1] While Neal is presently being supervised in Georgia pursuant to the Interstate Compact, nothing about the Interstate Compact suggests that it dissolves the Kentucky Parole Board's authority over Neal. *See* KRS § 439.561.

4

as moot the habeas petition of a prisoner out on parole. *Id.* Accordingly, the Supreme Court remanded the case to the Court of Appeals with directions to grant the petitioner's request to add members of the parole board as respondents.[2] *Id.; see also Knighten v. U.S. Parole Comm'n*, No. 13-C-7114, 2014 WL 4627813, at *2 (N.D. Ill. Sept. 16, 2014) ("When a petitioner is on parole, . . . his custodian is the parole board, which has the authority to impose conditions on his release.").

As the Kentucky Parole Board, not the Kentucky Attorney General, Beshear, is Neal's custodian, the undersigned **RECOMMENDS** that Beshear's motion to dismiss him as a party be **GRANTED**.

### B. Motion to Dismiss (DN 11)

The Kentucky Parole Board filed a "Response and Motion to Dismiss" Neal's Petition arguing that the same should be dismissed because authority cited by Neal was not on point and the Court "has held that Kentucky parole boards have the right to impose restitution as a condition for Parole."[3] (DN 11, at PageID # 35.) The Kentucky Parole Board also argued that that "the Sixth Circuit has held that paroled prisoners who have not fully served their sentences are not free individuals but are obligated to continue serving their sentence whether within prison walls or serving until the expiration of parole as dictated." (*Id.* at 36.) The Kentucky Parole Board relies exclusively on two cases in support of its arguments: *Brown v. Donahue*, No. 3:09-cv-989-H, 2011 WL 31395, at *1 (W.D. Ky. 2011) and *Rose v. Haskins*, 388 F.2d 91 (6th Cir. 1968). However, a

---

[2] In doing so, the Supreme Court expressly noted that "the members of the Parole Board are still within the jurisdiction of the District Court, and they can be required to do all things necessary to bring the case to a final adjudication. *Id.* at 244. The same is true in the instant case because "[s]o long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction.'" *Braden*, 410 U.S. at 495. This Court can serve process upon any individual or entity in the Commonwealth. Fed. R. Civ. P. 4(k)(1)(A); Ky. R. Civ. P. 4.02(4). Indeed, in this case, the Parole Board was served with process (DNs 6, 7) and responded by filing a Motion to Dismiss (DN 11).

[3] Because the undersigned has recommended above that Beshear be dismissed from this action, the undersigned will refer to the Motion to Dismiss (DN 11) only with respect to the Kentucky Parole Board.

close review of those cases demonstrates that they do not compel dismissal of Neal's petition in this case.

In *Rose v. Haskins*, the Sixth Circuit addressed the scope of review of an Ohio state parole board order revoking the parole of petitioner Rose. *Rose,* 388 F.2d at 92. Rose's parole was revoked after the parole commission received information that he had molested his minor daughter. (*Id.*) Rose asked the Franklin County Ohio Assistant Prosecuting Attorney to prosecute him for the offense so he could defend himself, but the prosecutor declined to do so. (*Id.* at 92-93.) Rose filed a habeas petition alleging that the parole commissioner violated his Fourth, Fifth, Sixth, Eight, Thirteenth, and Fourteenth Amendment rights by revoking his parole. (*Id.* at 93.) He indicated "he was entitled under the Constitution to the 'benefit of confrontment of his accusers, examination of witnesses, arraignment on the indictment, legal counsel, trial by jury, and the privilege of appeal.'" (*Id.*) He also argued his due process rights were violated because he was declared a parole violator without a hearing. (*Id.* at 92.) Construing Rose's claims, the Sixth Circuit observed that "[i]t [wa]s apparent that what Rose wanted was a trial in the District Court on the issue of his guilt for molesting his minor daughter." (*Id.* at 93.)

The Sixth Circuit held that the district court did not err in dismissing Rose's habeas petition because it did not state a claim on which relief could be granted. (*Id.* at 97.) In doing so, the Sixth Circuit noted that "[p]arole [wa]s a matter of grace in Ohio" and that "[t]he state is not required to provide for parole and, if it does, may stipulate its terms and conditions as well as the status of a parolee." (*Id.* at 93.) The Sixth Circuit emphasized that since Rose was not contesting the validity of his sentence or conviction, all that was at issue was "state prison discipline administered by the state parole board." (*Id.* at 97.) Finally, the Court observed, "If too much power over state prisoners has been confided to the Parole Commission by the legislature, the reformation should

6

be made by legislators and not by the courts. Federal Courts cannot be expected to remedy all ills, real or imaginary, in the state's prison disciplinary procedures." (*Id.*)

The Kentucky Parole Board argued that *Rose* compels the Court to dismiss Neal's habeas petition. However, the undersigned finds *Rose* wholly distinguishable from the instant case. Rose sought review of the parole commission's decision to revoke his parole. Here, Neal does not seek review of the Kentucky Parole Board's 2013 decision to revoke his parole; instead he challenges the constitutionality of the Kentucky Parole Board's ability to keep him on parole until he has paid his restitution in full. (DN 1, at PageID # 10-11.) He seeks review of the constitutionality of KRS § 439.563(3)(d) and (5), arguing that "to impose an indefinite parole with the threat of definite imprisonment denies him any meaningful avenue of redress." (DN 1, at PageID # 11.) *Rose* has no bearing on these issues.

Further, *Rose* was decided in 1968, prior to major Supreme Court decisions imposing constitutional limitations on the state's administration of parole under certain circumstances. For example, in *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), the Supreme Court held that due process required that a parolee was entitled to "some orderly process, however informal" prior to revocation of his parole and set some minimum requirements for that process. Regarding initial release on parole, in *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7, 11-12 (1979), the Supreme Court held that while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," a state can create "a liberty interest protected by due process guarantees" when its parole statutes employ "language [that] itself creates a protectible expectation of parole." Given the changes in the law post-*Rose* and the factual differences between *Rose* and the instant case, the undersigned finds that *Rose* does not compel dismissal of Neal's petition.

The Kentucky Parole Board also relied on an unpublished Western District of Kentucky case, *Brown v. Donahue*. (DN 11, at PageID # 35-36.) In *Brown v. Donahue*, a petitioner for writ of habeas corpus claimed that it was improper for the parole board to impose restitution as a condition of his parole. *Brown*, 2011 WL 31395, at *1. In dismissing the petition, the court noted that "Kentucky law allows to Parole board to order restitution as a condition of parole. In fact, the Board is required to do so in many cases." *Id.* The court went on to cite the conclusion of the Kentucky Supreme Court that "[i]n Kentucky, parole is a . . . "matter of grace" to which the inmate has no entitlement." *Id.* at *2 (quoting *Stewart v. Commonwealth*, 153 S.W.3d 789, 792 (Ky. 2005). The court found that forcing petitioner to pay restitution violated no statutory or constitutional right. *Id.* The court also noted that petitioner had failed to exhaust his remedies and appeals. *Id.* For those reasons, the Court dismissed the petition with prejudice. The undersigned finds that *Brown* likewise does not mandate dismissal of Neal's petition. Neal does not contest the power of the Kentucky Parole Board to order restitution as a condition of his parole; he contests its power to add it to existing conditions of release without affording him some due process and its power to keep him on parole solely for the purpose of paying restitution past certain statutory maximums. (DN 1, at PageID # 10-11.) Accordingly, the undersigned finds that *Brown* likewise does not compel dismissal of Neal's petition.

Finally, the Kentucky Parole Board argues that Neal is not entitled to relief under *Bearden v. Georgia*, 461 U.S. 660 (1983). (DN 11, at PageID # 36.) Neal's Petition cites *Bearden* for its holding that a court may revoke probation for failure to pay a fine or restitution only after inquiring into the reasons behind the failure. (DN 1, at PageID # 9.) *Bearden* held that where a "probationer has made all reasonable efforts to pay [a] fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering

8

whether adequate alternative methods of punishing the defendant are available." *Bearden*, 461 U.S. at 668-69. Accordingly, the Supreme Court held that in revocation proceedings, the court must inquire into "the reasons for the failure to pay" and that a court may only imprison an individual who has made sufficient bona fide efforts to pay "if alternate measures are not adequate to meet the State's interests in punishment and deterrence." *Id.* at 672. While the undersigned agrees that it is unclear whether *Bearden* applies to Neal's claim regarding the Parole Board's ability to keep him on parole, the potential inapplicability of *Bearden* alone does not compel dismissal of Neal's petition.

The undersigned also observes that because Neal's counsel failed to attach the exhibits described in the petition when the petition was filed and Respondents filed a Motion to Dismiss, no documents pertinent to Neal's restitution order, parole, or state court proceedings challenging the same have been presented to the Court save for one letter from the Parole Board (DN 1-1). Especially in light of this absence of factual documentation, the undersigned concludes that the Kentucky Parole Board has failed to put forward applicable authority demonstrating that Neal's Petition should be dismissed. Therefore, the undersigned **RECOMMENDS** that the Kentucky Parole Board's Motion to Dismiss be **DENIED**.

### III.  RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Dismiss Andrew Beshear as a Party (DN 10) be **GRANTED**, and the Motion to Dismiss (DN 11) be **DENIED**.

cc:  Counsel of record

**Notice**

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).