UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-125-rgj

ROY C. NEAL                                                   PETITIONER

V.

<u>OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS</u>

LEILA A. VANHOOSE *et al.*                            RESPONDENTS

Come the Respondents, Leila Vanhoose, Neeka Parks, Larry Brock, Michael Bolcas, George Carson, Melissa Chandler, Caroline Mudd, Roberts Powers, and Amanda Spears, by and through counsel, and submit the following objections to the Magistrate Judge's Report and Recommendation (DN 12):

Petitioner, Roy C. Neal, pled guilty to theft by deception on July 9, 2001. [Complaint, DN 1, paragraph 6]. On October 16, 2001, after a restitution hearing, Petitioner was ordered to pay restitution in the amount of $91, 882.00, plus interest during the repayment period, by the Jefferson Circuit Court. [Complaint, DN 1, paragraph 7.] Petitioner did not pay the full amount of his restitution. [Complaint, DN 1, paragraph 7]. Pursuant to KRS 439.563, the Parole Board was required by law to include the obligation to pay restitution as a condition of parole. Also by operation of KRS 439.563, the Parole Board was required to maintain supervision of the Petitioner until he pays restitution in full. KRS 439.563(5) provides, "(5) *Any statute relating to the length of parole supervision notwithstanding*, the parole for a person owing restitution shall be until the restitution is paid in full, even if this would lengthen the period of supervision beyond the statutory limit of parole supervision or the statutory limit for serving out the sentence imposed." KRS 439.563(5) [emphasis added]. This Court, in DN 12, notes that " he [Petitioner] contests the [Parole Board's] power to add [restitution] to existing conditions of release without affording him some due process and its power to keep him on parole solely for the purpose of paying

restitution past certain statutory maximums." However, as discussed above, the addition of restitution as a condition of release happened by operation of law [KRS 439.563], and this was not at the discretion of the Parole Board or its members.

The Petitioner filed this action challenging the constitutionality of KRS 439.563. Since this action challenges the constitutionality of KRS 439.563, the Attorney General is a necessary party to this action, pursuant to KRS 418.075. The Respondents, Parole Board members, are without authority to ignore or unilaterally amend KRS 439.563.

WHEREFORE, the Respondents respectfully request that the Report and Recommendations [DN 12] be overruled and this matter dismissed as to Respondents Leila Vanhoose, Neeka Parks, Larry R. Brock, Michael A. Bolcas, George Carson, Melissa Chandler, Caroline Mudd, Roberts Powers, and Amanda Spears.

Respectfully submitted,

/s/Kristin Wehking_____
Kristin Wehking
Attorney
Office of Legal Services
Justice and Public Safety Cabinet
125 Holmes Street 2nd Floor
Frankfort, Kentucky 40601
Kristinl.wehking@ky.gov
502-564-8225

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2019, I electronically filed this document with the clerk of the court by using the CM/ECF System, which will provide notice of electronic filing to the CM/ECF participants and counsel of record.

/s/Kristin Wehking_____
COUNSEL FOR RESPONDENTS