UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROY C. NEAL                                                                                  Petitioner

v.                                            Civil Action No. 3:18-cv-00125-RGJ-CHL

LELIA A. VANHOOSE, Chair Kentucky
Parole Board,
LARRY R. BROCK, Member,
MICHAEL A. BOLCAS, Member,
GEORGE CARSON, Member,
MELISSA CHANDLER, Member,
CAROLINE MUDD, Member,
NEEKA PARKS, Member,
ROBERT POWERS, Member,
AMANDA SPEARS, Member,
Kentucky Parole Board,

ANDREW GRAHAM BESHEAR,
Attorney General of Kentucky,                                         Respondents

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Petitioner Roy C. Neal ("Neal"), by counsel, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking relief from an order of restitution as a condition of his parole relating to theft by deception charges he pleaded guilty to in 2001. [DE 1, Petition]. The Court referred the matter to Magistrate Judge Colin H. Lindsay for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact, conclusions of law, and recommendations on any dispositive matter. [DE 5]. Respondent Attorney General of Kentucky, Andrew Beshear ("Beshear"), moved to dismiss. [DE 10]. Respondents Michael A. Bolcas, Larry R. Brock, George Carson, Melissa Chandler, Caroline Mudd, Neeka Parks, Robert Powers, Amanda Spears, and Lelia A. Vanhoose (collectively, the "Kentucky Parole Board") also moved to dismiss. [DE 11]. Neal did not file responses to the motions. Judge Lindsay issued a Report and

1

Recommendation ("R&R") that the Court grant Beshear's Motion to Dismiss and deny the Kentucky Parole Board's Motion to Dismiss [DE 12]. The Kentucky Parole Board filed objections. [DE 13]. Beshear responded to the Kentucky Parole Board's objections. [DE 17]. For the reasons below, the Court **OVERRULES** the Kentucky Parole Board's objections and **ADOPTS** the R&R.

## BACKGROUND

The R&R accurately sets forth the key allegations of the Petition. [*See* DE 12 at 44–46]. Below, the Court mentions the key allegations to frame its discussion and analysis of the Kentucky Parole Board's objections.

In 2001, Neal entered a plea of guilty to several counts of theft by deception and one count of theft by failure to make required disposition of property. [DE 1, Pet. at 2.] The court sentenced Neal to ten years imprisonment and entered an order of restitution for $91,882 plus interest. [*Id*. at 3].

In 2005, Neal was paroled and moved to Georgia with permission from the Kentucky Parole Board to be supervised there under the Interstate Compact for Adult Offender Supervision. [*Id*. at 4]. The conditions of his parole did not include restitution. [*Id*. at 3.] In 2008, the Kentucky Parole Board notified Neal by letter that restitution was added to his conditions of release. [*Id*. at 4]. In 2013, Neal was arrested for violating parole by failing to make restitution. [*Id*.]. Neal's parole was revoked and he served an additional term of imprisonment. [*Id.* at 5-6]. Neal alleges he never receive the 2008 letter from the Kentucky Parole Board. [*Id*. at 4] Neal remains on parole in Georgia, paying restitution. [*Id*. at 6].

In his Petition, Neal seeks the following relief: release from the custody of the Kentucky Parole Board and the Commonwealth of Kentucky; a declaration that KRS 439.563(5) is unconstitutional as it subjects parolees such as Neal to the risk of confinement, with no defined release date, after the completion of their respective sentences; and an order to the Commonwealth of Kentucky directing it to set aside and vacate Neal's obligation to pay restitution as a condition of his parole. [DE 1, Pet. at 1-2]. Neal alleged that under Kentucky law, he will be on parole until he pays his restitution in full "even if this would lengthen the period of supervision beyond the statutory limit of parole supervision or the statutory limit for serving out the sentence imposed." [*Id*. at 7-8.] Neal alleges that this practice denies him equal protection and violates his Fifth, Eighth, and Fourteenth Amendment rights. [Id. at 10-11.] Neal also claims adding restitution as a condition of his parole without providing proper notice and a hearing violated his due process rights. [*Id*. at 11.]

## STANDARD OF REVIEW

A district court may refer a motion to a magistrate judge to prepare a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings . . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court need not review under a *de novo* or any other standard those aspects of the report and recommendation to which no specific objection is made and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed *Thomas v. Arn,* 474 U.S. 140, 150, 155 (1985).

A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is not permitted as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

**DISCUSSION**

The R&R recommends that the Court grant Beshear's motion to dismiss him as a party because the proper respondent in a habeas action is the entity or person exercising legal control over the challenged custody. [DE 12 at 47]. The Kentucky Parole Board is Neal's custodian, not the attorney general. [*Id*.] Magistrate Judge Lindsay further recommends the Kentucky Parole Board's motion to dismiss be denied, finding the authorities cited in support do not compel dismissal of Neal's Petition. [Id. at 49]. The Kentucky Parole Board objected to both recommendations. [DE 17].

**A.      Dismissal of the Attorney General as a Party**

The Kentucky Parole Board objects to dismissal of the Attorney General as a party, stating "since this action challenges the constitutionality of KRS 439.563, the Attorney General is a necessary party to this action, pursuant to KRS 418.075."[1] KRS 418.075 does not require that the Attorney General be a party. KRS 418.075 (1) states:

> In any proceeding which involves the validity of a statute, the Attorney General of
> the state shall, before judgment is entered, be served with a copy of the petition,
> and shall be entitled to be heard, and if the ordinance or franchise is alleged to be

---

[1] The Kentucky Parole Board does not object to the Magistrate Judge's determination that the Attorney General does not exercise legal custody over Neal.

> unconstitutional, the Attorney General of the state shall also be served with a copy of the petition and be entitled to be heard.

KRS 418.075 requires that the Attorney General to be notified and given the opportunity to be heard. It does not require that the Attorney General be a party. The Kentucky Supreme Court has explained the requirements of the statute:

> While it is clear that the Attorney General must be given notice, the law has never been found to say the Attorney General must then participate. All that is required is the Attorney General be given the opportunity to intervene and be heard on the matter. Indeed, he is only 'entitled to be heard.' The courts cannot by judicial fiat simply order the Attorney General to participate and either defend or challenge the constitutionality of a particular statue. The Attorney General is statutorily granted discretion, and it is improper for the court to strip that away.

*Commonwealth v. Hamilton*, 411 S.W.3d 741, 751 (Ky. 2013). Similarly, Fed. R. Civ. P. 5.1 requires notice to a state's Attorney General when the constitutionality of state statute is questioned but does not require that the Attorney General be a party. For these reasons, along with those stated in the R&R, the Attorney General is not a necessary party. The Kentucky Parole Board's objection is therefore overruled.

**B.     Dismissal of the Petition against the Kentucky Parole Board**

Second, the Kentucky Parole Board objects to a statement in Magistrate Judge Lindsay's recommendation to deny its motion to dismiss. [DE 17 at 54-55]. This statement relates to the Kentucky Parole Board's argument that the unpublished decision from this District in *Brown v. Donahue* requires dismissal. 2001 WL 31395 (3:09-CV-989)(W.D. Ky. 2011). In *Brown*, the habeas petitioner claimed his parole condition of restitution was improper and demanded that the state repay him all of the restitution. 2011 WL 31395 at *1. The *Brown* petitioner was convicted of theft and related offenses. *Id.* The court found that the petitioner agreed in writing on at least three separate occasions to pay restitution for his crimes to the victim. *Id.* The court held that the

condition of restitution could not violate any constitutional or statutory right of the petitioner. *Id*. at *2. The court also stated the petitioner did not exhaust his administrative remedies. *Id.*

Magistrate Judge Lindsey notes in distinguishing *Brown* that Neal is not contesting whether the Kentucky Parole Board has the power to order restitution as a condition of his parole. [DE 12 at 51]. Instead, Neal is contesting the constitutionality of adding restitution years later to his release conditions without some due process. [*Id*. at 51; DE 1, Pet. at 1, 7-11]. In its objection, the Kentucky Parole Board objects to Magistrate Judge Lindsey's statement that "[Neal][Petitioner] contests the [Parole Board's] power to add [restitution] to existing conditions of release without affording him some due process and its power to keep him on parole solely for the purpose of paying restitution past certain statutory maximums." [DE 13]. The Kentucky Parole Board's states that it has no discretion over whether to add restitution as a condition of release under KRS 439.563. However, Magistrate Judge Lindsay's statement was not aimed at whether the Kentucky Parole Board's power to add restitution is mandatory or discretionary under KRS 439.563. Judge Lindsay was pointing out that the issue here, unlike in *Brown*, is whether the later adding of restitution under the statute violated Neal's constitutional rights. Nor does the Parole Board explain how its mandatory addition of restitution under the statute would require dismissal of Neal's petition. Accordingly, for these reasons, Magistrate Judge Lindsay did not err in his determination that *Brown* does not require dismissal in recommending denial of the motion to dismiss. The Kentucky Parole Board's objection is therefore overruled.

## C. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** the following:

(1) Magistrate Judge Lindsay's R&R [DE 12] is **ADOPTED** as the opinion of this Court;

(2) The Kentucky Parole Board's Objections [DE 17] are **OVERRULED**;

(3) The Motion to Dismiss Respondent Andrew Beshear as a Party [DE 10] is **GRANTED**;

(4) The Motion to Dismiss the Kentucky Parole Board [DE 11] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

August 8, 2019

Cc: Counsel of record