UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-125-rgj

ROY C. NEAL                                                    PETITIONER

V.

RESPONSE TO PETITION FOR HABEAS CORPUS

LEILA A. VANHOOSE *et al.*                                    RESPONDENTS

*   *   *   *   *   *   *   *   *   *   *   *   *

Come the Respondents, by counsel, and for their Response to the Petition

for Habeas Corpus, state as follows:

I.                                    INTRODUCTION

Petitioner, Roy C. Neal, has filed a Petition for Writ of Habeas Corpus

requesting release from the custody of the Commonwealth of Kentucky and a

declaration that KRS 439.563(5) is unconstitutional. Petitioner alleges that KRS

439.563(5) extends his sentence beyond the statutory maximum thus denying "him

equal protection and due process under the Fifth and Fourteenth Amendments."

[DN 1, page 10].

II.                                       FACTS

Petitioner pleaded guilty in Jefferson County to one count of Theft by

Deception (No. 00-CR-1557), two counts of Theft by Deception (No. 00-CR-2531),

and one count of Theft by Deception (No. 00-CR-2661) on July 9, 2001. These

sentences were to run concurrently for a total of ten (10) years, probated for five-

years. On October 16, 2001 a restitution hearing imposed restitution on Petitioner

in the amount of $91,882 plus interest. On February 3, 2003, Petitioner's probation

was revoked by the Court for new charges. Petitioner served his sentence until

paroled on July 21, 2005. Petitioner was released from active parole supervision in June 2007.

In 2008, the Parole Board discovered that Petitioner's restitution had been omitted from his conditions of supervision. The Parole Board sent Petitioner a letter on June 4, 2008 to notify him of his amended conditions of supervision. [Exhibit A, June 4, 2008 Letter. However, the address on file was no longer current and Petitioner did not receive the letter. A parole board member also discussed the amendment of Petitioner's parole conditions with him by phone. [Parole Board Memo, Exhibit B.]  A warrant was subsequently issued on May 12, 2010 for a parole violation because Petitioner "fail[ed] to make restitution as directed."  A parole revocation hearing was held on February 19, 2013. The Petitioner appeared at this hearing with counsel. The Parole Board found Petitioner had violated the terms of supervision, and the parole board entered its decision to revoke Petitioner's parole on April 4, 2013, following the hearing. [Parole Revocation Form, Exhibit C] Petitioner requested reconsideration of the Parole Board's decision, and the Parole Board denied reconsideration of the Parole Board's decision on May 28, 2013. [Reconsideration Request and Order Denying, Exhibit D]. Petitioner is currently on parole paying restitution with an outstanding balance of $76,681.05. [DN 1].

Petitioner filed a habeas petition in the Boyle Circuit Court (Case No. 13-CI-288) on June 19, 2013. This case was dismissed due to improper venue on November 21, 2013. [CourtNet History, Boyle Circuit Court, Case No. 13-CI-288, Exhibit E]. Petitioner filed a Habeas Petition in Marion Circuit Court (Case

No. 13-CI-177) on June 28, 2013. [CourtNET history, Marion Circuit Court Case No. 13-CI-177, Exhibit F]. Mr. Neal then re-filed his Petition in the Grayson Circuit Court (Case No. 13-CI-307) on September 24, 2013. [Habeas Petition, Grayson Circuit Court, Case No. Case No. 13-CI-307, Exhibit G]. An agreed order was entered in the Grayson Circuit Court case to transfer the action to the already-filed Marion Circuit Court case. [CourtNET history, Grayson Circuit Court, Civil Action No. 13-CI-307, Exhibit H]. The Grayson Circuit court case was dismissed due to lack of prosecution on October 13, 2015. [Exhibit H] On July 1, 2016, in the Marion Circuit Court Action, Case No. 13-CI-177, the Court entered an Order which stated "Pet. Fails to state/show that he pursue/exhause [sic] Admin. Remedy. Restitution was ordered in criminal cases. Pet. Not entitled to relief. Dismiss Petition. Close Case. This is a final + appealable order." [Docket Sheet Order, Marion Circuit Court Case No. 13-CI-177, Exhibit I]. The Petitioner did not appeal the July 1, 2016 Order of the Marion Circuit Court.

Petitioner filed a writ of habeas corpus requesting release from the custody of the Commonwealth of Kentucky and declaration that KRS 439.563(5) is unconstitutional. Petitioner alleges that it extends his sentence beyond the statutory maximum thus denying "him equal protection and due process under the Fifth and Fourteenth Amendments." [DN 1, page 10].

III.        The Petition is barred by the statute of limitations

The Petition is time-barred under 28 U.S.C. §2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

28 U.S.C.A. § 2244 (West) [emphasis added].

Here, 28 U.S.C. §2244(d)(1)(D) determines the date from which the statute of limitations runs for this case. A parole revocation hearing was held on February 19, 2013. The parole board entered its decision to revoke Petitioner's parole on April 4, 2013, following the hearing. Petitioner requested reconsideration, and the Parole Board denied reconsideration of the Parole Board's decision on May 28, 2013. The factual predicate of the Petitioner's claims could have been discovered on May 28, 2013, when the Parole Board denied Petitioner's request for reconsideration.

Petitioner filed a habeas petition in the Boyle Circuit Court (Case No. 13-CI-288) on June 19, 2013. This case was dismissed due to improper venue on November 21, 2013. [Exhibit E]. Petitioner filed a Habeas Petition in Marion Circuit Court (Case No. 13-CI-177) on June 28, 2013. [Exhibit F].  Mr. Neal then re-filed his Petition in the Grayson Circuit Court (Case No. 13-CI-307) on

September 24, 2013. [Exhibit G]. An agreed order was entered in the Grayson Circuit Court case to transfer the action to the already-filed Marion Circuit Court case. [Exhibit H].  The Grayson Circuit court case was dismissed due to lack of prosecution on October 13, 2015. [Exhibit H] On July 1, 2016, in the Marion Circuit Court Action, Case No. 13-CI-177, the Court entered an Order which stated "Pet. Fails to state/show that he pursue/exhause [sic] Admin. Remedy. Restitution was ordered in criminal cases. Pet. Not entitled to relief. Dismiss Petition. Close Case. This is a final + appealable order." [Exhibit I]. The Petitioner did not appeal the July 1, 2016 Order of the Marion Circuit Court.

Petitioner took no further action until he filed a Motion in his criminal case [Jefferson Circuit Court, Case No. 00-CR-2661, on November 19, 2016 to remove restitution from his conditions of parole; DN 1, page 7]. Respondents were not a party to this action, however, according to the Petition, the Jefferson Circuit Court entered an order on March 1, 2016 denying the motion as premature[1]. [DN 1, page 7].  Assuming that this Motion in the Jefferson Circuit Court case contains the same issues as the present action, *and* assuming that this Motion tolled the statute of limitations, more than one year elapsed from the Jefferson Circuit Court's March 1, 2016 order and the filing of this petition on February 28, 2018. As such, the Petition is barred by the statute of limitations pursuant to 28 U.S.C. §2244(d)(1)(D).

---

[1] Counsel for Respondents have requested a copy of the November 19, 2016 Motion and Order from Jefferson Circuit Court Case No. 00-CR-2661, from the Jefferson Circuit Clerk's office on September 26, 2019. The file has been archived, and it is unknown how long it will take to receive the documents requested from archives.

An exhibit to the Petition for Habeas corpus included correspondence from counsel for the Parole Board to Petitioner's counsel. [Exhibit A, DN 1]. Petitioner claims that this is evidence that he exhausted administrative remedies. However, this letter explains that Petitioner's request for reconsideration of the Parole Revocation was untimely. Kentucky Parole Board policy 10-00 requires that a request for reconsideration be made as follows:

> F. An offender whose parole is denied by deferment or serve-out, or an offender whose parole or other supervision is revoked or rescinded, may request reconsideration by the Board.
> (1) The request for reconsideration shall be made in writing by the offender (or the offender's authorized legal representative) and shall be postmarked no later than twenty-one (21) days from the date the final disposition is made available to the inmate.

Parole Board Policy 10-00 [A copy is attached as Exhibit B].

Therefore, Petitioner's second request for reconsideration of the parole revocation in 2017, more than 4 years after the Parole Board's decision to revoke parole was untimely under the parole board rules, and filing a second and untimely request for reconsideration did not toll the statute of limitations.

IV.        The Petitioner failed to exhaust administrative remedies

Title 28 U.S.C. §§ 2254(b) and (c) provide that a state prisoner's application for a writ of habeas corpus in a federal district court based on an alleged federal constitutional violation will not be granted unless the applicant has exhausted the remedies available to him **in the state courts**. Title 28 U.S.C. §§ 2254(b) and (c)[emphasis added].

Petitioner filed a habeas petition in the Boyle Circuit Court (Case No. 13-CI-288) on June 19, 2013. This case was dismissed due to improper venue on

November 21, 2013. [Exhibit E]. Petitioner filed a Habeas Petition in Marion Circuit Court (Case No. 13-CI-177) on June 28, 2013. [Exhibit F].  Mr. Neal then re-filed his Petition in the Grayson Circuit Court (Case No. 13-CI-307) on September 24, 2013. [Exhibit G]. An agreed order was entered in the Grayson Circuit Court case to transfer the action to the already-filed Marion Circuit Court case. [Exhibit H].  The Grayson Circuit court case was dismissed due to lack of prosecution on October 13, 2015. [Exhibit H] On July 1, 2016, in the Marion Circuit Court Action, Case No. 13-CI-177, the Court entered an Order which stated "Pet. Fails to state/show that he pursue/exhause [sic] Admin. Remedy. Restitution was ordered in criminal cases. Pet. Not entitled to relief. Dismiss Petition. Close Case. This is a final + appealable order." [Exhibit I]. The Petitioner did not appeal the July 1, 2016 Order of the Marion Circuit Court.

The requirement that the state prison exhaust his state remedies prior to raising claims in federal habeas corpus proceedings is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on Petitioner's claims. *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). Petitioner's failure to appeal the Marion Circuit Court's July 1, 2016 Order shows that Petitioner failed to exhaust state remedies prior to filing the present federal habeas action.

Finally, as discussed above, an exhibit to the Petition for Habeas corpus included correspondence from counsel for the Parole Board to Petitioner's counsel. [DN 1, Exhibit A].  Petitioner claims that this is evidence that he exhausted administrative remedies.  However, this letter explains that Petitioner's

request for reconsideration of the Parole Revocation was untimely. Kentucky

Parole Board policy 10-00 requires that a request for reconsideration be made as

follows:

> F. An offender whose parole is denied by deferment or serve-out, or an
> offender whose parole or other supervision is revoked or rescinded, may
> request reconsideration by the Board.
> (1) The request for reconsideration shall be made in writing by the
> offender (or the offender's authorized legal representative) and shall be
> postmarked no later than twenty-one (21) days from the date the final
> disposition is made available to the inmate.

> Parole Board Policy 10-00 [Attached as Exhibit J].

Therefore, Petitioner's second request for reconsideration of the parole revocation

in 2017, more than 4 years after the Parole Board's decision to revoke parole was

untimely under the parole board rules, and filing a second request for

reconsideration is insufficient to exhaust Petitioner's state court remedies.

Petitioner was required to litigate his claims in a state court action and appeal his

claims to the Kentucky Supreme Court before filing a federal habeas petition.

V.          The declaratory judgment action was improperly joined with a

petition for writ of habeas corpus.

The Petition improperly joins a Petition for Declaratory Judgment with a

Petition for Writ of Habeas Corpus.  While there must be a constitutional

violation before the Court can issue a writ of habeas corpus, that is different than

Petitioner's request for a declaratory judgment and request for attorney fees and

costs under 42 U.S.C. § 2412.1[2]. Any suit challenging confinement of any type is

---

[2] These can be awarded only if there is a judgment "against the United States or any agency or any
official of the United states acting in his or her official capacity…." It does not apply to state
entities.

"close to the core of habeas corpus" and can only be brought as a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Chatman v. Slagle*, 107 F.3d 380, 382 (6th Cir. 1997). The restriction is applicable to declaratory judgment actions. *Ruip v. Commonwealth of Ky.*, 400 F.2d 871, 872 (6th Cir. 1968); *Hill v. State of Tennessee*, 465 F. Supp. 789, 789 (E.D. Tenn. 1978); *Zaidi v. United States Sentencing Commission*, 144 F. Supp. 3d 1, 2–3 (D.D.C. 2015). Here, the only proper proceeding before the Court is for a writ of habeas corpus.

To the extent that this case is also a Petition for Declaratory Judgment, it is unclear what the statutory jurisdictional basis is for the claims made by Petitioner. The Declaratory Judgment Act is procedural in nature, and does not itself create a jurisdiction basis for claims.

VI.    <u>The parole board did not have discretion to require Petitioner to pay restitution as a condition of parole</u>

Petitioner argues Respondents violated his right to due process when it added restitution to his parole conditions in 2008. However, the parole board was without discretion on this issue, as Kentucky statute(s) require that court ordered restitution be made a condition of parole once a person is paroled.

Ky. Rev. St. § 532.032 requires that:

> (1) Restitution to a named victim, if there is a named victim, shall be ordered in a manner consistent, insofar as possible, with the provisions of this section and KRS 439.563, 532.033, 533.020, and 533.030 in addition to any other part of the penalty for any offense under this chapter. The provisions of this section shall not be subject to suspension or nonimposition.
> * * *

 (4) If a person is sentenced to incarceration and paroled, restitution shall be made a condition of parole.

Ky. Rev. St. § 532.032.

With regard to Due Process and Equal Protection, there is no valid legal argument that making a convicted thief pay restitution violates any constitutional right. "[B]ecause there [is] no protected liberty or property interest in parole, prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds." *Stewart v. Commonwealth,* 153 S.W.3d 789, 792 (Ky. 2005)(*citing Belcher v. Kentucky Parole Board*, 917 S.W.2d 584 (Ky.App. 1996); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9-10 (1979); *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997)). In Kentucky, parole is a matter of "matter of grace" to which the inmate has no entitlement. Stewart, 153 S.W.2d at 793. "The state is not required to provide for parole and, if it does, may stipulate its terms and conditions. . ." *Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968)(emphasis added). Furthermore, the Petitioner was required to pay restitution by the Jefferson Circuit Court. Petitioner received due process in the Jefferson Circuit Court action, in which a restitution hearing was conducted, and Petitioner was represented by counsel. The Parole Board's amendment of Petitioner's parole conditions to include Petitioner's previously-ordered parole did not require additional process.

VI.           Transcripts Available

There is an audio recording of the February 19, 2013 Parole Revocation hearing. This recording is a partial recording of the hearing. It has not been transcribed.

A copy of the Petitioner's State Court habeas Petition [Exhibit G], and the brief filed by Petitioner in the Grayson Circuit Court action in Case No. Case No. 13-CI-307 [Exhibit G1]. Petitioner's Habeas Petition filed in the Grayson Circuit Court was subsequently transferred to the Marion Circuit Court action, Case No. No. 13-CI-177. A final order from Marion Circuit Court, Case No. 13-CI-177 is included as Exhibit I to this action.  Petitioner did not appeal the decision of the Marion Circuit Court in his state habeas claim. In his Petition, Petitioner states that he filed a Motion in his criminal case (Jefferson Circuit Court, Civil action no. 00-CR-2661) in which he moved the court to remove the condition of restitution from the conditions of parole. A copy of this Motion and the Court's Order has been requested by counsel for respondents. The documents have been archived by the Jefferson Circuit Court clerk, and it is unknown when counsel will receive these documents.

Respectfully submitted,

Kristin Wehking
Kristin Wehking
Justice and Public Safety Cabinet
Office of Legal Services
125 Holmes Street, 2nd Floor
Frankfort, KY  40601
Phone: 502-564-8225
COUNSEL FOR RESPONDENTS

CERTIFICATE OF SERVICE

A copy of the foregoing was electronically filed on September 27, 2019 through the ECF system, which constitutes service on Hon. Maureen Sullivan, an ECF participant.

_Kristin Wehking__
COUNSEL FOR RESPONDENTS