UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROY C. NEAL                                                                                  Petitioner

v.                                       Civil Action No. 3:18-cv-125-RGJ-CHL

LELIA A. VANHOOSE, et al.,                                         Respondents

\* \* \* \* \*

**ORDER**

Petitioner Roy C. Neal ("Neal") moves the Court to alter or amend the judgment entered on July 30, 2021. [DE 32]. The Respondents filed a response. [DE 33]. Neal did not reply and the time to do so has passed. This matter is ripe and for the reasons below, Neal's motion is DENIED.

Neal petitioned for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") [DE 1]. This matter was referred to United States Magistrate Judge Colin H. Lindsay for report and recommendation. [DE 5]. The Respondents opposed [DE 22] and Neal did not reply. Neal moved for summary judgment [DE 23] and Respondents filed a counter Motion for Summary Judgment [DE 27]. Neal did not file a response to Respondents' Motion for Summary Judgment. Judge Lindsay entered his Report and Recommendation [DE 29] on July 7, 2021, recommending that the Petition be construed as one under 28 U.S.C. 2254, that both Neal's Petition and Motion for Summary Judgment be denied [DE 23], that Respondents' Motion for Summary Judgment be granted [DE 27], and a certificate of appealability be denied.

Objections to the magistrate judge's recommendation were due within fourteen days after service on July 21, 2021. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Objections were never filed. On July 30, 3021, the Court entered an order accepting the Report and Recommendation without objections. [DE 30]. But the Court still conducted its own review of the

1

record and found no error in the Report and Recommendation. *Id.* The Court thus denied Neal's motion for summary judgment, granted the Respondents' motion for summary judgment, denied a certificate of appealability as to all claims, and entered separate judgment. [DE 30; DE 31].

Neal now moves the Court to alter that judgment under Fed. R. Civ. P. 59(a)(1)(B) and 59(e). [DE 32]. Neal's motion omits that he failed to timely file objections to the Report and Recommendation and does not seek leave to file objections out of time. Instead, Neal makes substantive arguments that he should have made in an objection to the Report and Recommendation.

Rule 59(e) is intended to permit a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982). A court may alter or amend a prior judgment under Rule 59(e) based only on (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). But, "[a] Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018), citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (quotation omitted). Here, Neal has not presented the Court with a clear error of law, newly discovered evidence, or a change in controlling law. Instead, he reargues issues that could have been raised if he had objected to the Report and Recommendation, which is contrary to the purpose of Rule 59. And all of those argument have been waived by Neal's failure to timely object.

Neal alternatively asks the Court to grant him a certificate of appealability. The Sixth Circuit has ruled that a party waives its right to appeal an issue to the court of appeals if it fails to object to the magistrate judge's recommendation and report within the timeframe of the filing of the report so long as the report informed the party of the effect of such failure. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The Report and Recommendation advised Neal as follows:

> Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

[DE 29]. The Report and Recommendation advised Neal of his timeframe to object and that failure to do so would constitute a waiver of his right to appeal.

Exceptional circumstances may warrant departure from the waiver rule in the interests of justice. *See Thomas*, 474 U.S. at 155; *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). Neal has provided no reason for his failure to file objections and he fails to present exceptional circumstances that would warrant a departure from the waiver rule.[1] A certificate of appealability will not be granted.

This, IT IS ORDERED that Neal's motion to alter or amend judgment [DE 32] is DENIED.

---

[1] Neal is represented by counsel and a party is generally "held accountable for the acts and omissions of their chosen counsel." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993).

Rebecca Grady Jennings, District Judge
United States District Court

February 15, 2022

cc: Counsel of Record